1  TODD BLANCHE
   Deputy Attorney General
2  BILAL A. ESSAYLI
   Acting United States Attorney
3  ALEXANDER B. SCHWAB
   Assistant United States Attorney
4  Acting Chief, Criminal Division
   BRENDA N. GALVÁN (Cal. Bar No. 296456)
5  Assistant United States Attorney
       1200 United States Courthouse
6      312 North Spring Street
       Los Angeles, California 90012
7      Telephone: (213) 894-0715
       Facsimile: (213) 894-0141
8      E-mail:  brenda.galvan@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA
10
                    UNITED STATES DISTRICT COURT
11
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
   UNITED STATES OF AMERICA,          No. 2:25-cr-00642-FLA
13
            Plaintiff,                PLEA AGREEMENT FOR DEFENDANT
14                                     ELPIDIO REYNA
                 v.
15
   ELPIDIO REYNA,
16
            Defendant.
17

18       1.   This constitutes the plea agreement between Elpidio Reyna

19  ("defendant") and the United States Attorney's Office for the Central

20  District of California (the "USAO") in the above-captioned case.

21  This agreement is limited to the USAO and cannot bind any other

22  federal, state, local, or foreign prosecuting, enforcement,

23  administrative, or regulatory authorities.

24                      DEFENDANT'S OBLIGATIONS

25       2.   Defendant agrees to:

26           a.   At the earliest opportunity requested by the USAO and

27  provided by the Court, appear and plead guilty to count two of the

28  indictment in United States v. Reyna, CR No. 2:25-00642-FLA, which

KWK

1  charges defendant with assault on federal officer by deadly or

2  dangerous weapon resulting in bodily injury, in violation of 18

3  U.S.C. §§ 111(a)(1), (b).

4       b.   Not contest facts agreed to in this agreement.

5       c.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7       d.   Appear for all court appearances, surrender as ordered

8  for service of sentence, obey all conditions of any bond, and obey

9  any other ongoing court order in this matter.

10       e.   Not commit any crime; however, offenses that would be

11  excluded for sentencing purposes under United States Sentencing

12  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13  within the scope of this agreement.

14       f.   Be truthful at all times with the United States

15  Probation and Pretrial Services Office and the Court.

16       g.   Pay the applicable special assessment at or before the

17  time of sentencing unless defendant has demonstrated a lack of

18  ability to pay such assessments.

19                   THE USAO'S OBLIGATIONS

20  3.   The USAO agrees to:

21       a.   Not contest facts agreed to in this agreement.

22       b.   Abide by all agreements regarding sentencing contained

23  in this agreement.

24       c.   At the time of sentencing, provided that defendant

25  demonstrates an acceptance of responsibility for the offense up to

26  and including the time of sentencing, recommend a two-level reduction

27  in the applicable Sentencing Guidelines offense level, pursuant to

28

U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

### NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count two of the indictment, that is, assault on a federal officer by deadly and dangerous weapon resulting in bodily injury, in violation of 18 U.S.C. §§ 111(a)(1), (b), the following must be true: (1) defendant forcibly assaulted a federal officer; (2) defendant did so while the federal officer was engaged in, or on account of, his official duties; (3) defendant used a dangerous weapon or caused bodily injury.

### PENALTIES

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. §§ 111(a)(1), (b) is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

<u>FACTUAL BASIS</u>

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the

4

1  Sentencing Guidelines factors set forth in paragraph 11 below but is

2  not meant to be a complete recitation of all facts relevant to the

3  underlying criminal conduct or all facts known to either party that

4  relate to that conduct.

5      On or about June 7, 2025, in Los Angeles County, within the

6  Central District of California, defendant forcibly and intentionally

7  assaulted a federal law enforcement officer engaged in and on account

8  of their official duties with a deadly and dangerous weapon,

9  resulting in the infliction of bodily injury to the officer.  On that

10 day, federal law enforcement officers were staging a joint

11 enforcement operation in the vicinity of a Home Depot in Paramount,

12 California.  Protestors, including defendant, began to throw rocks at

13 the officers' official vehicles, lit objects on fire, and impeded law

14 enforcement activity.  During this, defendant knowingly and

15 intentionally lit objects on fire in the middle of the street and

16 threw rocks at a convoy of law enforcement vehicles occupied by

17 Customs and Border Protection Officers, including R.T., all of whom

18 were engaged in their official duties as federal officers.  In doing

19 so, defendant threw a rock at Officer R.T.'s government vehicle.

20 This caused glass to shatter and injure R.T. by cutting his forehead.

21 <u>SENTENCING FACTORS</u>

22     10.  Defendant understands that in determining defendant's

23 sentence the Court is required to calculate the applicable Sentencing

24 Guidelines range and to consider that range, possible departures

25 under the Sentencing Guidelines, and the other sentencing factors set

26 forth in 18 U.S.C. § 3553(a).  Defendant understands that the

27 Sentencing Guidelines are advisory only, that defendant cannot have

28 any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 14 | U.S.S.G. § 2A2.2(a) |
| Dangerous Weapon | +4 | U.S.S.G. § 2A2.2(b)(2)(B) |
| Conviction Under 111(b) | +2 | U.S.S.G. § 2A2.2(b)(7) |
| Official Victim | +6 | U.S.S.G. § 3A1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including but not limited to specific offense characteristics for bodily injury under U.S.S.G. § 2A2.2(b)(3)(A).

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

15.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

7

1  the statement of facts provided herein is insufficient to support

2  defendant's plea of guilty.

3                    WAIVER OF COLLATERAL ATTACK

4       16.  Defendant also gives up any right to bring a post-

5  conviction collateral attack on the conviction or sentence, including

6  any order of restitution, except a post-conviction collateral attack

7  based on a claim of ineffective assistance of counsel, a claim of

8  newly discovered evidence, or an explicitly retroactive change in the

9  applicable Sentencing Guidelines, sentencing statutes, or statutes of

10 conviction. Defendant understands that this waiver includes, but is

11 not limited to, arguments that the statutes to which defendant are

12 pleading guilty are unconstitutional, and any and all claims that the

13 statement of facts provided herein is insufficient to support

14 defendant's plea of guilty.

15              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16      17.  Defendant agrees that, provided the Court imposes a term of

17 imprisonment within or below the range corresponding to an offense

18 level of 26 and the criminal history category calculated by the

19 Court, defendant gives up the right to appeal all of the following:

20 (a) the procedures and calculations used to determine and impose any

21 portion of the sentence; (b) the term of imprisonment imposed by the

22 Court; (c) the fine imposed by the Court, provided it is within the

23 statutory maximum; (d) to the extent permitted by law, the

24 constitutionality or legality of defendant's sentence, provided it is

25 within the statutory maximum; (e) the term of probation or supervised

26 release imposed by the Court, provided it is within the statutory

27 maximum; and (f) any of the following conditions of probation or

28 supervised release imposed by the Court: the conditions set forth in

8

Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 26 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS</u>

19.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable.  Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement.  Defendant also agrees that his waivers are binding

1  and effective even if some other portion of this agreement is found

2  to be invalid by this Court or the Ninth Circuit.

3                 RESULT OF WITHDRAWAL OF GUILTY PLEA

4       20.  Defendant agrees that if, after entering a guilty plea

5  pursuant to this agreement, defendant seeks to withdraw and succeeds

6  in withdrawing defendant's guilty plea on any basis other than a

7  claim and finding that entry into this plea agreement was

8  involuntary, then the USAO will be relieved of all of its obligations

9  under this agreement.

10                  EFFECTIVE DATE OF AGREEMENT

11      21.  This agreement is effective upon signature and execution of

12  all required certifications by defendant, defendant's counsel, and an

13  Assistant United States Attorney.

14                      BREACH OF AGREEMENT

15      22.  Defendant agrees that if defendant, at any time after the

16  signature of this agreement and execution of all required

17  certifications by defendant, defendant's counsel, and an Assistant

18  United States Attorney, knowingly violates or fails to perform any of

19  defendant's obligations under this agreement ("a breach"), the USAO

20  may declare this agreement breached.  All of defendant's obligations

21  are material, a single breach of this agreement is sufficient for the

22  USAO to declare a breach, and defendant shall not be deemed to have

23  cured a breach without the express agreement of the USAO in writing.

24  If the USAO declares this agreement breached, and the Court finds

25  such a breach to have occurred, then: (a) if defendant has previously

26  entered a guilty plea pursuant to this agreement, defendant will not

27  be able to withdraw the guilty plea, and (b) the USAO will be

28  relieved of all its obligations under this agreement.

1

2

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

## OFFICE NOT PARTIES

3     23.  Defendant understands that the Court and the United States

4 Probation and Pretrial Services Office are not parties to this

5 agreement and need not accept any of the USAO's sentencing

6 recommendations or the parties' agreements to facts or sentencing

7 factors.

8     24.  Defendant understands that both defendant and the USAO are

9 free to: (a) supplement the facts by supplying relevant information

10 to the United States Probation and Pretrial Services Office and the

11 Court, (b) correct any and all factual misstatements relating to the

12 Court's Sentencing Guidelines calculations and determination of

13 sentence, and (c) argue on appeal and collateral review that the

14 Court's Sentencing Guidelines calculations and the sentence it

15 chooses to impose are not error, although each party agrees to

16 maintain its view that the calculations in paragraph 11 are

17 consistent with the facts of this case.  While this paragraph permits

18 both the USAO and defendant to submit full and complete factual

19 information to the United States Probation and Pretrial Services

20 Office and the Court, even if that factual information may be viewed

21 as inconsistent with the facts agreed to in this agreement, this

22 paragraph does not affect defendant's and the USAO's obligations not

23 to contest the facts agreed to in this agreement.

24     25.  Defendant understands that even if the Court ignores any

25 sentencing recommendation, finds facts or reaches conclusions

26 different from those agreed to, and/or imposes any sentence up to the

27 maximum established by statute, defendant cannot, for that reason,

28 withdraw defendant's guilty plea, and defendant will remain bound to

fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        27.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5

6    AGREED AND ACCEPTED

7    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA

8
     TODD BLANCHE
9    Deputy Attorney General

10   BILAL A. ESSAYLI
     First Assistant United States Attorney

11

12   _____        01/27/2026
     BRENDA N. GALVÁN                         Date
13   Assistant United States Attorney

14   _____        01-27-26
     ELPIDIO REYNA                           Date
15   Defendant

16   _____        1-27-2026
     MARILYN E. BEDNARSKI                     Date
17   Attorney for Defendant ELPIDIO REYNA

18

19

20

21

22

23

24

25

26

27

28

                              13

CERTIFICATION OF DEFENDANT

I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          01-27-26
ELPIDIO REYNA                           Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

1
2        I am Elpidio Reyna's attorney.  I have carefully and thoroughly
3   discussed every part of this agreement with my client.  Further, I
4   have fully advised my client of his rights, of possible pretrial
5   motions that might be filed, of possible defenses that might be
6   asserted either prior to or at trial, of the sentencing factors set
7   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
8   provisions, and of the consequences of entering into this agreement.
9   To my knowledge: no promises, inducements, or representations of any
10  kind have been made to my client other than those contained in this
11  agreement; no one has threatened or forced my client in any way to
12  enter into this agreement; my client's decision to enter into this
13  agreement is an informed and voluntary one; and the factual basis set
14  forth in this agreement is sufficient to support my client's entry of
15  a guilty plea pursuant to this agreement.

_____          _____
                                           1/27/2026
MARILYN E. BEDNARSKI                      Date
Attorney for ELPIDIO REYNA