TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
BRENDA N. GALVÁN (Cal. Bar No. 296456)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0715
     Facsimile:  (213) 894-0141
     E-mail:     Brenda.Galvan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00642-FLA |
|---|---|
| Plaintiff, | SENTENCING POSITION FOR DEFENDANT ELPIDIO REYNA |
| v. | |
| ELPIDIO REYNA, | Hearing Date: August 7, 2026 Hearing Time: 11:00 a.m. |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Brenda N. Galván, hereby files its sentencing position for defendant ELPIDIO REYNA ("defendant").

//

//

1

This sentencing position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the court may permit.

Dated: July 25, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Acting Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        JENNIFER L. WAIER
                                        Chief Assistant United States
                                        Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        BRENDA N. GALVÁN
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

On January 27, 2026, defendant ELPIDIO REYNA ("defendant") pled guilty to one count of Assault on a Federal Officer by Deadly or Dangerous Weapon Resulting in Bodily Injury, in violation of 18 U.S.C. §§ 111(a)(1), (b).  (Dkt. 20).  For the following reasons, the government respectfully requests that the Court impose the following low-end Guidelines sentence, which is sufficient but no greater than necessary to achieve the purposes of sentencing:  46 months' imprisonment, followed by a three-year period of supervised release, and a mandatory $100 special assessment.

**II.    OFFENSE CONDUCT**

On or about June 7, 2025, in Los Angeles County, within the Central District of California, defendant forcibly and intentionally assaulted a federal law enforcement officer engaged in and on account of their official duties with a deadly and dangerous weapon, resulting in the infliction of bodily injury to the officer.  On that day, federal law enforcement officers were staging a joint enforcement operation in the vicinity of a Home Depot in Paramount, California.  Protestors, including defendant, began to throw rocks at the officers' official vehicles, lit objects on fire, and impeded law enforcement activity.  During this, defendant knowingly and intentionally lit objects on fire in the middle of the street and threw rocks at a convoy of law enforcement vehicles occupied by Customs and Border Protection Officers, including R.T., all of whom were engaged in their official duties as federal officers.  In doing so, defendant threw a rock at Officer R.T.'s government vehicle.

1

This caused glass to shatter and injure R.T. by cutting his forehead.

**III. GUIDELINE CALCULATIONS**

On July 1, 2026, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") and recommended that the Court apply the following United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"):

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. §§ 2A2.2 |
| Specific Offense Characteristics: | +6 | |
| Victim Adjustment: | +3 | |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level : | 20 | |

PSR at 3.  USPO also calculated a criminal history Category of I. USPO therefore calculated defendant's Guidelines sentencing range to be 33 months to 41 months imprisonment.  Id.

The government concurs with USPO's calculation of defendant's criminal history category, however, the government believes, and the parties have agreed, that the following Sentencing Guidelines apply here:

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. §§ 2A.2(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1 |
| Dangerous Weapon: | +4 | U.S.S.G. § 2A2.2(b)(2)(B) |
| Conviction Under 111(b) | +2 | U.S.S.G. § 2A2.2(b)(7) |
| Official Victim | +6 | U.S.S.G. § 3A1.2(b) |

Total Offense Level :    23

Accordingly, the government believes defendant's Guidelines sentencing range is 46 to 57 months.

**IV.   SENTENCING FACTORS UNDER 18 U.S.C. § 3553(A)**

The government recommends a sentence of 46 months' imprisonment.  The government also recommends a three-year period of supervised release, and a $100 special assessment.  For the reasons argued below, the government's proposed sentence is warranted considering the factors enumerated in 18 U.S.C. § 3553(a).

**A. THE PROPOSED SENTENCE IS REASONABLE BECAUSE IT FAIRLY BALANCES THE NATURE AND CIRCUMSTANCES OF THE OFFENSES WITH THE DEFENDANT'S HISTORY AND CHARACTERISTICS**

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offenses and the history and characteristics of defendant.  Here, defendant threw rocks at officers' moving vehicles and lit objects on fire in the middle of the street.  See Plea Agreement ¶ 9.  While defendant's documented criminal history is not significant, his conduct in this case was dangerous and could have led to a much more dire outcome.  His reflection on the circumstances surrounding his conduct, that his actions were "sudden and emotional and fueled by alcohol," because of his anger regarding immigration policy in the United States, is simply not an adequate excuse for his violence.  Nevertheless, the government's recommendation of a low-end sentence in this case is sufficient but not greater than necessary to deter future criminal conduct, to protect the public from further crimes of defendant, and will provide defendant with any needed training and treatment he requires.

3

**B.    A SENTENCE OF 46 MONTHS' IMPRISONMENT IS APPROPRIATE BECAUSE IT ACCURATELY TAKES INTO ACCOUNT MULTIPLE SENTENCING GOALS**

Section 3553(a)(2) requires the Court to consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of defendant, and to provide defendant with any needed training and treatment.  These factors also support a sentence of 46 months' imprisonment.  As argued above, the recommended sentence reflects the seriousness of assaulting a law enforcement officer, and will protect the public, both during the period of defendant's imprisonment and by discouraging him from reoffending.  The sentence should also serve as a general deterrent to similarly situated potential offenders.

**C.    THE PROPOSED PRISON TERM MINIMIZES SENTENCING DISPARITIES**

Section 3553(a)(6) requires the Court to minimize sentencing disparity among similarly situated defendants.  Using the Sentencing Guidelines as the starting point for defendant's sentence takes a substantial step toward this goal.  Taking into account the § 3553(f) factors, the proposed low-end Guidelines sentence will minimize any sentencing disparities between defendant and other similarly situated defendants with the same criminal history, and who have also satisfied the requirements of 18 U.S.C. § 3553(f).

**D.    THE RECOMMENDED SENTENCE ACKNOWLEDGES THE RANGE OF AVAILABLE SENTENCES**

Section 3553(a)(3) requires the Court to consider the kinds of sentences available.  Given the range of available sentences, the

government's recommended sentence and a period of supervised release to follow is fair, as it provides punishment that is sufficient but not greater than necessary to address the sentencing goals of § 3553(a).

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests the Court sentence defendant to 46 months' imprisonment, three years' supervised release, and a $100 special assessment.